IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:20-CR-00018-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| RYAN EUGENE FARLEY, | |
| Defendant. | |

**THIS MATTER** is before the Court on the Defendant Ryan Eugene Farley's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 31). The Defendant seeks compassionate release arguing that: (1) he faces a risk of contracting COVID-19 while incarcerated at FCI Bennettsville[1] and faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus; (2) he was not sentenced under the First Step Act and, if he was, his Career Offender status would be "altered"; and (3) the Department of Justice's new internal policy on recommendations in crack cocaine cases supports a reduction. *See* Doc. No. 31. For the reasons discussed below, the Defendant has not established that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), and the Court will deny his motion.

---

[1] According to the Bureau of Prison's (BOP) website, FCI Bennettsville currently has 4 inmates and zero staff with confirmed active cases of COVID-19. There have been 2 inmate deaths and zero staff deaths, while 138 inmates have recovered, and 132 staff have recovered. Additionally, 167 staff have been fully inoculated and 1,278 inmates have been fully inoculated.

## I. DISCUSSION

The Defendant is a 34-year-old male serving his prison sentence at FCI Bennettsville in South Carolina. He is serving a sentence of 135 months of imprisonment. Doc. No. 28. According to the Bureau of Prisons website, his scheduled release date is November 3, 2029.

a. <u>COVID-19 and Monkey Pox</u>

The Defendant bases part of his motion on the threat posed by the COVID-19 pandemic and "monkey pox." Doc. No. 31 at 1. According to his Presentence Investigation Report filed on November 17, 2020, Defendant self-reported that he is in good health and is not under the care of a physician or prescribed any medication. Doc. No. 25, ¶ 53. The Defendant fails to provide his BOP medical records to substantiate any possible medical claims and, therefore, there is no extraordinary and compelling reason for a sentence reduction.

b. <u>First Step Act and Career Offender Status</u>

The Defendant also seeks a reduction because he was not sentenced under the First Step Act and, if he was, his Career Offender status would be "altered." However, these arguments misstate the record. First, the Defendant *was* in fact sentenced under the First Step Act. He was sentenced on November 23, 2020, almost two years after the enactment of the First Step Act . *See* Doc. No. 28. Second, the Career Offender guideline was appropriately applied at sentencing and that analysis remains unchanged by the First Step Act. A defendant is a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1. The term "controlled substance offense" means an offense under federal or state law, punishable by

imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. *See* U.S.S.G. § 4B1.2. The Defendant satisfies all these elements.

The Defendant was convicted in this Court of Possession with intent to Distribute Cocaine Base. *See* Doc. Nos. 17, 22. Previously, the Defendant had twice been convicted of Possession with Intent to Manufacture/Sell/Deliver Cocaine and was sentenced to terms of 8-19 months imprisonment with 36 months of supervised probation and 6-17 months imprisonment with 24 months of supervised probation. *See* Doc. No. 22 ¶ 23, 27.[2] As a result, the Defendant was, and still is, a Career Offender.[3]

c. Effect of DOJ Policy

In December 2022 the Attorney General of the United States issued a memorandum recommending that in crack cocaine cases "prosecutors[] advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine." *See* Memorandum for All Federal Prosecutors: Additional Department Policies Regarding Charging, Pleas, and Sentencing In Drug Cases, Op. Att'y Gen. 5 (2022). The Defendant argues that this change in DOJ internal policy warrants a sentence reduction. The Court disagrees. The internal policy of the DOJ is irrelevant to

---

[2] In his Motion, the Defendant mischaracterizes his criminal history and the sentence he received for one of his possession with intent to manufacture/sell/deliver cocaine convictions. *See* Doc. No. 31, p. 2-3.

[3] The Defendant's attempt to attack his sentence — through both his Career Offender status and DOJ policy arguments —ignores the established procedures for doing so. The Defendant should have challenged his sentence on direct appeal or through a 28 U.S.C. § 2255 motion but he filed neither. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."). Simply put, compassionate release is not a substitute for an appeal or a § 2255 motion.

this Court's analysis. *See United States v. Williams*, No. 5:03-CR-00004-KDB-DSC, 2022 U.S. Dist. LEXIS 210142, at *10 n.1 (W.D.N.C. Nov. 21, 2022). Rather, the Court is guided by the statute passed by Congress and the Sentencing Guidelines, both of which recognize a distinction between crack cocaine and powder cocaine. The Court therefore finds that the change in DOJ internal policy does not constitute an extraordinary and compelling reason for a reduction.

In sum, the Court has considered each of the advanced grounds in combination to determine whether taken together they rise to an extraordinary and compelling reason to grant compassionate release. While the Court recognizes its authority to do so, it finds that they do not.

**IT IS THEREFORE ORDEREDE THAT** Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 (Doc. No. 31), is **DENIED**.

**SO ORDERED.**

Signed: March 16, 2023

Kenneth D. Bell
United States District Judge